### Marcus H. Judd v. Elizabeth Isenhart.

1. INSTRUCTIONS—*Not to Assume the Existence of Matters Denied.*— In an action for assault and battery in which the assault and battery are denied it is error to assume in an instruction that there was an assault and that compensatory damages are to be awarded.

2. SAME—*When it is Error to Specify Elements of Damages Not in*

*Proof.*—In an instruction as to the damages which may be awarded in an action for assault and battery it is error to specify elements of damage of which there is no proof.

**Trespass.**—Assault and battery. Appeal from the Circuit Court of Carroll County; the Hon. James Shaw, Judge, presiding. Heard in this court at the October term, 1900. Reversed and remanded. Opinion filed February 13, 1901.

Ralph E. Eaton and John D. Turnbaugh, attorneys for appellant.

W. S. Markley and Renner & Smith, attorneys for appellee.

Mr. Justice Dibell delivered the opinion of the court.

In this action, brought by Mrs. Elizabeth Isenhart against Marcus H. Judd, for an assault and battery, plaintiff recovered a verdict for $1,000, entered a remittitur for $500, and had judgment for $500, after denial of a motion for a new trial. Defendant appeals.

The Isenharts lived upon a farm rented of defendant. In the morning of May 12, 1899, defendant was out hunting and stopped in at the house occupied by his tenant. Mr. Isenhart was absent. Mrs. Isenhart claims that during that forenoon defendant repeatedly solicited her to have sexual intercourse with him; that he repeatedly took hold of her breasts and her knees, outside her clothing, and put his arms around her; that she resisted him, and struck at him, and told him to go about his business; that as she was putting wood in the stove he came up behind her and caught hold of her, and she stepped on a cob and fell to the floor and hurt her hip; that her hip was black and blue from the fall, and she was ill for a short time and unable to do any work. Her husband applied liniment to the bruise, and two days later she got medicine from two physicians, but they did not examine her hip. She testified that at the time of the trial she was still applying remedies. Defendant admitted being present at the time, and that some indelicate conversation passed between them, but claimed it was begun by Mrs. Isenhart; and he denied that he

placed his hands upon her or solicited her to have sexual intercourse with him. He denied that she fell while he was present.

According to Mrs. Isenhart this interview lasted three hours. According to Judd he was there about two hours. Twice the parties were outdoors in front of the house, and once sitting side by side outdoors talking to each other, and according to Mrs. Isenhart, Judd was then trying to put his arms around her. The highway was from three to nine rods from the house; there were three houses within thirty to sixty rods distant; Isenhart's hired man was working on some part of the farm; people, teams and buggies were going along the highway from time to time, and a village was not far distant. The fact that Mrs. Isenhart admits she endured these attacks and solicitations for three hours without leaving the house or yard in front, without going to a neighbor or calling to any one passing by, tends to show either that her story is untrue or that what was done was not against her will. Plaintiff and defendant are the only witnesses to the material facts in the case. If her evidence is true she has a cause of action; if his is true, then, though their conversation was improper, no assault and battery occurred. This charge is one easy to be made by a woman, and difficult to be defended against by a man who has been alone with the woman at the time named. In such a case it is important the jury should be accurately instructed.

The seventh instruction, given at the request of plaintiff, was as follows:

" The jury is further instructed that in arriving at the compensatory damages in this case, they are not necessarily restricted to the naked pecuniary loss, for besides damages for pecuniary loss and injury, the jury may allow such damages as are the direct consequence of the act complained of, for injury to the plaintiff's good repute, or social position, or physical suffering, bodily pain, anguish of mind, sense of shame, humiliation and loss of honor, not exceeding $5,000, the amount claimed in the declaration."

This assumes the jury are to find for plaintiff and assess

Judd v. Isenhart.

compensatory damages. If it be said that when considered as part of a series, the jury would understand that "if you find for plaintiff" was implied, still the instruction is further erroneous in specifying certain elements of injury for which the jury were at liberty to allow damages, without requiring there should be any proof of the existence of such elements. The instruction named injury to plaintiff's good repute or social position as elements for which the jury were at liberty to allow damages, when there was no proof that her good repute or social position had suffered in the least, or that any one except her husband had ever heard of the circumstances till she brought this suit. Plaintiff's sixth instruction authorized the jury to award costs of medical attendance, when there was no proof what she had expended therefor or become liable to pay. If plaintiff wished to recover therefor she should have proved what she had paid or become liable to pay. In the absence of such proof the instruction allowed the jury to make their own estimate of what should be allowed her for such medical attendance. It is true the instruction said "if such * * * costs have been proved," but as they had not been proved the subject should not have been thus referred to as an element of damages. The second instruction given for plaintiff was devoted to " the insult and indignity inflicted upon the person by giving her a blow with anger, rudeness or insolence," as an element of damage. There was no proof of any " blow " in the ordinary sense of that word, nor that defendant had even touched her person in anger, and the instruction was calculated to improperly inflame the jury. Portions of the first instruction for plaintiff assume there was an assault.

For these errors the judgment is reversed, and the cause remanded for a new trial.